Per Curiam.

In a proceeding brought by respondents to review the assessment on their property for the tax year 1944-45 the court reduced the total valuation of the land and building from $340,000 to $300,000. In the present proceeding which was instituted on February 19, 1945, by respondents against certain tenants in the premises to fix a reasonable rent for the space occupied by them pursuant to section 4 of chapter 3 of the Laws of 1945, as amended by chapter 315 of the Laws of 1945 (known as the Commercial Rent Law), the court thereafter determined that the fair and reasonable value of respondents’ property as of February 19, 1945, was $340,000.
While the finding of the court in the tax certiorari proceeding was not res judicata here, the determination of the fair value of the premises made there, in the absence of additional proof, should have been accepted. It would be inequitable to set a higher value for the same property for the same period to obtain for the landlords an increase in rentals to be paid by their tenants.
Allowing the landlords every item of annual operating, expenses approved by the court and taking a base value of $300,000 for the property instead of the higher figure and allowing 2% amortization on mortgage as permitted by statute, we find that the fair and reasonable rental for the entire building is less than the emergency and current rental of the premises. In the circumstances we hold that the rental of the tenant-appellant should not have been fixed in excess of the emergency rent of $8,280.
As to the appellant, the final order should be reversed, with costs and disbursements and the application denied.
Martin, P. J., Townley, Glennon, Dore and Cohn, JJ., concur.
As to the appellant, final order reversed, with costs and disbursements and the application denied. Settle order on notice.